HENDRY, Judge.
Appellant/defendant appeals from a final judgment rendered in favor of appel-lee/plaintiff pursuant to a jury verdict on a breach of contract action.
Appellant and appellee entered into a contract wherein the latter was to construct a security gate system for the former. In pertinent part, the contract provided that the:
“Purchaser [Owner] shall be responsible for all permits, licenses and applicable taxes. Purchaser [Owner] shall be responsible to provide all electrical service and permits necessary to install and properly operate equipment listed on reverse side.”
It was uncontradicted that no permits were ever obtained for the construction of said system.
Pursuant to the contract and various modifications thereto, appellee completed the security gate system. Notwithstanding the absence of any complaints concerning the construction of the system, appellant, which had made partial payments pursuant to the contract, refused to pay appellee the balance of the contract price.
Suit was ultimately brought by appellee to collect the unpaid sums of money due *68 from appellant. Prior to trial, appellant attempted to assert the defense that pursuant to Chapter 8 of the Code of Metropolitan Dade County, which incorporates the South Florida Building Code, a builder-contractor who fails to obtain a building permit prior to construction cannot recover the cost of construction (contract price) from the owner. Appellant’s rationale was that pursuant to Sections 301, 304.1 and 305 of the South Florida Building Code, to “construct, enlarge, alter, repair, move, remove or demolish any building, structure, or any part thereof” without first acquiring a permit is an illegal act, and contracts dealing with the doing of an illegal act are unenforceable, as against public policy.
Based upon the above quoted provision of the contract whereby the duty to obtain building permits was placed upon the owner, i. e., appellant, the trial judge rejected the “illegality” defense. The case thereupon proceeded to trial, culminating in a jury verdict for appellee. Final judgment was entered in accordance with the verdict and this appeal follows.
After carefully reviewing the record and briefs, it is our opinion that the final judgment must be affirmed. The contract sued upon was not “illegal” on its face; that is, the purpose of the contract was not to accomplish an unlawful or reprehensible end, injurious to the interest of society. If the security system was “illegal,” it was only “illegal” because appellant failed to comply with its contractual obligation. Clearly, general contract law provides that one party to a contract cannot, by his own wrongdoing, benefit at the expense of the other party to the contract. See generally 7 Fla.Jur. Contracts §§ 147, 148 and cases cited therein.
Accordingly, the final judgment appealed from is hereby affirmed.
Affirmed.